# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES ARMSTRONG III**                    **CIVIL ACTION**

**VERSUS**                                   **NO: 15-4027**

**OFFSHORE SPECIALTY**
**FABRICATORS ET AL.**                       **SECTION: "H"(2)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial on Maintenance and Cure Order of April 17, 2017 (Doc. 34). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Charles Armstrong III alleges that he injured his neck, shoulder, and wrist while employed by Defendant Offshore Specialty Fabricators as a crewmember aboard the D/B WILLIAM KALLOP. Plaintiff

brings claims for unseaworthiness, Jones Act negligence, maintenance and cure, and spoliation of evidence. On January 13, 2017, the Court held a hearing on Plaintiff's maintenance and cure claim. Prior to the hearing, Defendants agreed to pay cure to Plaintiff for his wrist injury and maintenance in the amount of $30 per day. Plaintiff sought a finding that he was also entitled to cure for his shoulder and neck injuries, damages for Defendant's arbitrary and capricious failure to pay, and an increase in maintenance pay. This Court found that Plaintiff did not sustain a neck or shoulder injury aboard the vessel and was therefore not entitled to any additional maintenance and cure or damages.

Plaintiff now moves for a new trial on this finding, arguing that additional medical records produced since the hearing may change this Court's ruling. Plaintiff also complains that Defendant has failed to pay the medical bills related to his wrist injury. The Court held oral argument on this Motion on July 12, 2017.

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new

evidence or an intervening change in or clarification of the substantive law.'"[1] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders.'"[2]

## LAW AND ANALYSIS

First, Plaintiff contends that his treating physicians have produced new medical records and reports since the maintenance and cure hearing in which they opine that his injuries are related to the accident on Defendant's vessel. He argues that the Court made its findings based on incomplete evidence and that the Court should reconsider after more complete discovery, including depositions of the doctors.

The Court finds this argument particularly stunning in light of the fact that it was Plaintiff who requested an early hearing on maintenance and cure. Plaintiff cannot now, realizing he is unsatisfied with the outcome, have a second bite at the apple. Plaintiff has not shown good cause why his treating physicians could not have completed the medical reports at issue prior to the hearing and why depositions could not have been completed if the parties so desired. In addition, this Court found that Plaintiff did not sustain an injury to his shoulder aboard the vessel because the evidence indicated that he "did not complain of shoulder pain until after the re-injury and that he characterized the injury on the vessel as minor, necessitating neither leaving

---

[1] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[2] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. App'x. 829, 831–32 (4th Cir. 2011).

his hitch early nor skipping his next hitch."[3]  Additional medical records and reports opining on causation will not negate these facts.

Second, Plaintiff complains that Defendant has failed to pay several outstanding bills for his wrist treatment. In seeking reconsideration of the Court's prior ruling, however, Plaintiff mischaracterizes this Court's Findings of Fact and Conclusions of Law.  This Court found that Defendant had agreed to pay cure relating to Plaintiff's wrist injury and that Plaintiff was not entitled to additional cure—beyond that related to his wrist—for his neck and shoulder injuries because they did not occur aboard the vessel.[4]  The Court did not, as Plaintiff suggests, hold that no additional cure was due for Plaintiff's wrist injury. The issues of whether Plaintiff had reached maximum medical improvement as to his wrist injury or which bills were to be paid as cure for his wrist injury were not before this Court. In addition, at the time of oral argument, Defendant was going through significant financial trouble and has since filed for bankruptcy. Accordingly, these issues do not necessitate any reconsideration of this Court's prior order.

---

[3] Doc. 33.
[4] *See* Doc. 33.

## **CONCLUSION**

For the foregoing reasons, this Motion is DENIED.


New Orleans, Louisiana this 28th day of November, 2017.


_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**